UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: International Judicial Assistance in:<br><br>OLEKSANDR HENNADIIOVYCH KHRIMLI,<br><br>                Plaintiff,<br>   v.<br><br>ZLATA ORLOVSKA,<br><br>                Defendant. | CASE NO. 2:24-mc-00015-LK<br><br>ORDER APPOINTING COMMISSIONER UNDER 28 U.S.C. § 1782 |

This matter comes before the Court on the United States' ex parte Motion for Appointment of Commissioner Pursuant to 28 U.S.C. § 1782, Dkt. No. 1, and its supplemental brief regarding whether Article 3 of the Hague Evidence Convention is satisfied, Dkt. No. 3. The United States seeks an order pursuant to 28 U.S.C. § 1782 appointing Assistant United States Attorney Nickolas Bohl as Commissioner for the purpose of obtaining information from Epik Holdings, Inc., pursuant to a Letter of Request issued by Ye.S. Boiev, Judge of the Shevchenkivskyi District Court of the city of Zaporizhzhia, Ukraine. Dkt. No. 1 at 1–3; Dkt. No. 1-2. The Court grants the motion.

ORDER APPOINTING COMMISSIONER UNDER 28 U.S.C. § 1782 - 1

## I. BACKGROUND

Judge Boiev is currently adjudicating a civil action brought by Oleksandr Hennadiiovych Khrimli against Zlata Orlovska. Dkt. No. 1-2 at 5, 10. Plaintiff's counsel in the matter filed an application for a request for evidence regarding the ownership of the website morkovka.org, which counsel could not obtain on his own. *Id.* The information available to Judge Boiev indicated that the registrar of the domain name is Epik, *id.*, which the United States represents is headquartered in Sammamish, Washington. Dkt. No. 1 at 2; *see* Dkt. No. 1-3 at 2. On November 14, 2022, Judge Boiev issued a ruling granting Plaintiff's request for evidence from Epik regarding "information on the registrant of the domain name morkovka.org," including the registrant's "surname, name, patronymic, address of residence, taxpayer identification number, [and] number of the means of communications" if they are an individual, and their "name, USREOU code, registered address, [and] number of the means of communication" if they are a legal entity. Dkt. No. 1-2 at 7.

Judge Boiev's request was transmitted to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA") on January 2, 2024, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Evidence Convention") and 28 C.F.R. § 0.49(a). Dkt. No. 1 at 3; *see also* Dkt. No. 1-2 at 4. The OIJA then transmitted the Letter of Request to the U.S. Attorney's Office for the Western District of Washington on January 31, 2024, for execution in accordance with 28 C.F.R. § 0.49(c). Dkt. No. 1-2 at 2.

The United States filed the instant motion on March 7, 2024. Dkt. No. 1 at 1, 8. Because it appeared that an attached form may have been omitted from the Letter of Request, the Court requested that the United States either submit the form or submit supplemental briefing addressing whether the request satisfies Article 3 of the Hague Evidence Convention. Dkt. No. 2 at 2–3.

## II. LEGAL STANDARD

Section 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]" 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Krapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under Section 1782(a) and may impose conditions it deems desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a Section 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–65.

## III. DISCUSSION

**A.    The Ruling and Letter of Request Comply with the Hague Evidence Convention's Requirements**

As a preliminary matter, the Court considers whether the Letter of Request complies with

the Hague Evidence Convention. While Judge Boiev's ruling and the cover letter from the Ukrainian Ministry of Justice both include requests for information from Epik, Dkt. No. 1-2 at 4, 7, the appended request form only specifies a request for information from Cloudflare, Inc., the hosting provider of morkovka.org, *id.* at 11, 18.

The United States explains in its supplemental briefing that "[w]hile the form is recommended, it is not mandatory in this context." Dkt. No. 3 at 2. The Court agrees. As the United States points out, the Practical Handbook on the Operation of the Evidence Convention states that "the Evidence Convention does not mandate the use of a particular form for Letters of Request." *Id.* (quoting Hague Conf. on Priv. Int'l Law, Practical Handbook on the Operation of the Evidence Convention ¶ 143 at 64 (4th ed. 2016)). The Court also notes that in 2009, the Special Commission on the practical operation of the Hague Service, Evidence and Access to Justice Conventions recommended a model form to be used for Letters of Request, but recognized that the model form "is not mandatory." Hague Conf. on Priv. Int'l Law, 2009 Commission Conclusions and Recommendations ¶ 54 (Feb. 2009), https://assets.hcch.net/upload/wop/jac_concl_e.pdf. And notably, in 2014, the Special Commission "recall[ed] its recommendation for the Model Form to be used." Hague Conf. on Priv. Int'l Law, 2014 Commission Conclusions and Recommendations ¶ 12 (May 2014), https://assets.hcch.net/docs/eb709b9a-5692-4cc8-a660-e406bc6075c2.pdf. Here, the ruling and Letter of Request provide the information required under Article 3 even absent a separate form specifically dedicated to Epik.

**B.    Statutory Factors**

The United States has satisfied the three statutory criteria under Section 1782(a). First, the discovery is sought from Epik, which is headquartered in Sammamish, Washington. Dkt. No. 1 at 2. Second, the discovery is for use in a proceeding in a foreign tribunal: the Shevchenkivskyi

1  District Court in Zaporizhzhia, Ukraine. Dkt. No. 1-2 at 5–7. And third, the applicant for the
2  discovery is the aforementioned tribunal. *Id.*

3  **C.      Discretionary *Intel* Factors**

4  At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of
5  granting this request. First, Epik is not a participant in the foreign proceedings underway in
6  Ukraine and it is not apparent that the Shevchenkivskyi District Court could obtain the requested
7  information from Epik absent this Court's assistance. Second, as the United States points out, the
8  fact that a Ukrainian tribunal made the instant request suggests that it is receptive to the assistance.
9  *See* Dkt. No. 1 at 6–7. For the same reason, the third *Intel* factor related to the potential
10 circumvention of a foreign tribunal's discovery rules or other policies is not present here. *See, e.g.*,
11 *In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech Republic*, 748 F. Supp. 2d
12 522, 529 (E.D. Va. 2010) ("[T]he fact that the request was initiated by the Svitavy Court itself,
13 rather than a private litigant, provides sufficient assurance that the request does not attempt to
14 circumvent Czech discovery rules or Czech policy."). Last, the Court finds that the subpoena
15 request is sufficiently tailored and not unduly intrusive or burdensome, with one exception. *See,*
16 *e.g.*, *In re Omori*, No. 5:23-MC-80195-EJD, 2023 WL 5957172, at *4 (N.D. Cal. Sept. 12, 2023).
17 Specifically, the subpoena asks for information on the registrant of the domain name
18 morkovka.org, including the registrant's "USAREOU" code. Dkt. No. 1-3 at 3. This appears to be
19 a misspelling, as Judge Boiev's ruling requests instead the "USREOU" code of the registrant, Dkt.
20 No. 1-2 at 7—a legal entity ownership code associated with the Unified State Register of
21 Enterprises and Organizations of Ukraine. *See, e.g.*, Unified State Register of Enterprises and
22 Organizations of Ukraine, Main Stat. Office in Lviv Region, State Stats. Serv. of Ukr.,
23 https://www.lv.ukrstat.gov.ua/eng/edrpoy.php. Thus, the correct spelling is "USREOU."

24

ORDER APPOINTING COMMISSIONER UNDER 28 U.S.C. § 1782 - 5

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that, pursuant to the authority contained in 28 U.S.C. § 1782, Nickolas Bohl, Assistant United States Attorney for the Western District of Washington, is hereby appointed as Commissioner to take such steps as are necessary to obtain information from Epik in conformity with the legally permissible portions of the Letter of Request, Dkt. No. 1-2 (as corrected above), to certify the information provided by Epik in response thereto, to submit such answers to the United States Attorney for the Western District of Washington for transmission to the Office of International Judicial Assistance, United States Department of Justice, and to do all else that may be necessary for the accomplishment of the purpose of this Order.

Dated this 11th day of April, 2024.

Lauren King
United States District Judge